IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JORDAN BRANSTETTER, | ) | CIV. NO. 20-00573 HG-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII ADULT | ) | |
| CORRECTIONAL OFFICER ZETHUS | ) | |
| LORENZO, in his Official | ) | |
| Capacity and Individually; | ) | |
| STATE OF HAWAII DEPARTMENT OF | ) | |
| PUBLIC SAFETY, CORRECTIONS | ) | |
| DIVISION - INSTITUTIONS | ) | |
| DIVISION FOR HAWAII COMMUNITY | ) | |
| CORRECTIONAL CENTER; DOE | ) | |
| DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANTS STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY, CORRECTIONS DIVISION - INSTITUTIONS DIVISION FOR HAWAII COMMUNITY CORRECTIONAL CENTER AND ZETHUS LORENZO IN HIS OFFICIAL CAPACITY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 29)**

Plaintiff Jordan Branstetter ("Plaintiff Branstetter") filed a First Amended Complaint against the State of Hawaii Department of Public Safety and against Adult Correctional Officer ("ACO") Zethus Lorenzo, both individually and in his official capacity as an employee of the Department of Public Safety.

Plaintiff alleges that he was an inmate housed at the Department of Public Safety's Hawaii Community Correctional Center ("HCCC") on the Big Island of Hawaii. Plaintiff claims that on the evening of December 29, 2018, he was returning to HCCC from a work furlough program and upon his return he was

1

physically assaulted by ACO Lorenzo.  Plaintiff asserts that he was transported to Hilo Medical Center and was diagnosed with a severe concussion, two broken ribs, and multiple contusions.

Plaintiff's First Amended Complaint asserts the following causes of action:

COUNT I:      Declaratory Relief against Defendant State of Hawaii Department of Public Safety Pursuant to the Fourth and Fourteenth Amendment to the United States Constitution and the Hawaii State Constitution;

COUNT II:     Excessive Force in Violation Of The Fourth Amendment Against ACO Lorenzo Individually;

COUNT III:    Assault;

COUNT IV:     Battery;

COUNT V:      Intentional Infliction Of Emotional Distress; and,

COUNT VI:     Negligence.

Defendant State of Hawaii Department of Public Safety and Defendant ACO Lorenzo, in his official capacity only, seek to dismiss the claims against them based on sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution.

Defendants' Motion to Dismiss (ECF No. 29) is **GRANTED**.

## PROCEDURAL HISTORY

On December 28, 2020, Plaintiff filed a Complaint.  (ECF No. 1).

On April 15, 2021, a DEFICIENCY NOTICE AND ORDER REGARDING

2

SERVICE OF DEFENDANTS was issued by the Magistrate Judge.  (ECF No. 11).

On May 18, 2021, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE.  (ECF No. 14).

On May 29, 2021, Plaintiff filed Written Objections to the Findings and Recommendation.  (ECF No. 15).

On June 3, 2021, the Court issued a Minute Order remanding the Findings and Recommendation to the Magistrate Judge in light of the issues raised in the Objection.  (ECF No. 16).

On June 4, 2021, the Magistrate Judge vacated his Findings and Recommendation and extended the time for Plaintiff to complete service of the Complaint.  (ECF No. 17).

On June 28, 2021, Plaintiff filed a Motion to Amend the Complaint, which was granted.  (ECF Nos. 18, 19).

On June 30, 2021, Plaintiff filed the FIRST AMENDED COMPLAINT.  (ECF No. 20).

On August 26, 2021, Defendants State of Hawaii Department of Public Safety and Zethus Lorenzo in his official capacity filed a MOTION TO DISMISS.  (ECF No. 29).

On August 30, 2021, the Court issued a briefing schedule and elected to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).  (ECF No. 31).

On September 15, 2021, Plaintiff filed an Opposition.  (ECF No. 32).

On October 1, 2021, Defendants filed their Reply.  (ECF No. 33).

**BACKGROUND**

**According to the First Amended Complaint:**

Plaintiff Jordan Branstetter ("Plaintiff Branstetter") alleges that he was incarcerated at the Hawaii Community Correctional Center ("HCCC") on the Big Island of Hawaii in 2018. (First Amended Complaint at ¶¶ 8, 13, ECF No. 20).  Plaintiff claims that he was placed on a work furlough program at Anoano Farms that permitted him to leave HCCC for the day to work and to return to HCCC at night.  (Id. at ¶¶ 13-14).

Plaintiff asserts that on December 29, 2018, he returned to HCCC at approximately 7:00 p.m.  (Id. at ¶ 14).  Plaintiff alleges that upon his return to HCCC, he was confronted by Defendant Zethus Lorenzo, an Adult Correctional Officer ("ACO") employed by the Department of Public Safety at HCCC.  (Id. at ¶ 15).

Plaintiff claims that ACO Lorenzo physically assaulted him by punching him in the back of the head with a closed fist approximately twenty times.  (Id. at ¶ 16).  Plaintiff states that he curled up in a ball as a defensive measure, and ACO Lorenzo then proceeded to knee him in the back and ribs and to choke him.  (Id. at ¶¶ 16-18).

Plaintiff alleges that ACO Lorenzo reported to the Sergeant

on duty that Plaintiff fell out of the taxi upon his return to
HCCC and sustained visible injuries.  (Id. at ¶¶ 27-29).
Plaintiff claims he was transported to Punahele medical station
in HCCC by the Sergeant.  (Id. at ¶ 31).  Plaintiff asserts he
reported the assault to a Hawaii Police Department officer and
was later transported to Hilo Medical Center where he was
diagnosed with a severe concussion, two broken ribs, and multiple
contusions.  (Id. at ¶¶ 32-33).

**STANDARDS OF REVIEW**

**FED. R. CIV. P. 12(b)(1)**

A plaintiff has the burden of proving that subject-matter
jurisdiction does in fact exist.  Thornhill Publ'g Co., Inc. v.
Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Federal Rule of Civil Procedure 12(b)(1) requires that a
case must be dismissed for lack of subject-matter jurisdiction
when the Court lacks a constitutional or statutory basis to
adjudicate the controversy.  Leeson v. Transamerica Disability
Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may
be "facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d
1035, 1039 (9th Cir. 2004).  In a facial attack, the party
challenging jurisdiction argues that the allegations contained in
a complaint are insufficient "on their face" to invoke federal
jurisdiction.  Id.  A facial challenge, therefore, mirrors a

traditional motion to dismiss analysis.  The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [plaintiff's] favor."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the complaint, divest the Court of subject-matter jurisdiction.  See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  No presumptive truthfulness attaches to the complaint's allegations.  Id.  The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject matter jurisdiction is lacking.  Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction."  Id.; Colwell v. Dep't of Health and Hum. Servs., 558 F.3d 1112, 1121 (9th Cir. 2009).  Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal. Moore v. Maricopa Cnty. Sheriff's Off., 657 F.3d 890, 895 (9th Cir. 2011).

**FED. R. CIV. P. 12(b)(6)**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule

(8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

     In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555.

     In Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.  556 U.S. 662 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### I.   Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution
bars suits for money damages in federal court against a State,
its agencies, and state officials acting in their official
capacities.  Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144,
1147 (9th Cir. 2007).

The Eleventh Amendment does not bar a suit against a state
official in his official capacity when the suit is limited to
prospective injunctive relief to enjoin an alleged ongoing
violation of federal law.  Will v. Mich. Dep't of State Police,
491 U.S. 58, 71 n.10 (1989).  The Eleventh Amendment does not bar
suits against state officials in their individual capacities.
Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

### II.   All Claims Against Defendant State Of Hawaii Department Of Public Safety Are Barred Pursuant To The Eleventh Amendment To The United States Constitution

Plaintiff's First Amended Complaint asserts the following
causes of action:

COUNT I:       Declaratory Relief against Defendant State of
               Hawaii Department of Public Safety Pursuant
               to the Fourth and Fourteenth Amendment to the
               United States Constitution and the Hawaii
               State Constitution;

COUNT II:      Excessive Force in Violation Of The Fourth
               Amendment Against ACO Lorenzo Individually;

COUNT III:     Assault;

COUNT IV:      Battery;

```
COUNT V:        Intentional Infliction Of Emotional Distress;
                and,

COUNT VI:       Negligence.
```

**COUNT I: DECLARATORY RELIEF**

Count I for Declaratory Relief seeks to hold the Department of Public Safety liable for past constitutional violations by HCCC employees, including ACO Lorenzo, against Plaintiff.

Defendants State of Hawaii Department of Public Safety and ACO Lorenzo in his official capacity move to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(1) as the claim is barred by the Eleventh Amendment.

A suit against a State or a State agency is barred pursuant to the Eleventh Amendment whether for damages or injunctive relief. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-03 (1984); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 265 (1997).

Plaintiff's attempt to state a claim for "declaratory" relief does not alter the analysis. The Eleventh Amendment bars all claims against a State or State agency that seek monetary damages in federal court unless immunity has been waived. Pennhurst, 465 U.S. at 101-03; Neal v. Shimoda, 131 F.3d 818, 832 n.17 (9th Cir. 1997); Blaisdell v. Haw. Dep't of Pub. Safety, 621 Fed. Appx. 414, 415 (9th Cir. 2015). The State of Hawaii has not waived its sovereign immunity from suit in federal court for civil rights actions. Young v. Hawaii, 911 F.Supp.2d 972, 982

(D. Haw. 2012); <u>Oyama v. Univ. of Hawaii</u>, Civ. No. 12-00137 HG-BMK, 2013 WL 1767710, *6 (D. Haw. Apr. 23, 2013).

To the extent Plaintiff seeks to assert a claim against Defendant ACO Lorenzo in his official capacity, such a claim is barred because suits against state officials in their official capacities are no different than suits against the State itself. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67 (1985).

Here, Plaintiff seeks damages against the State agency for past constitutional violations in Count I.  (First Amended Complaint at ¶ 39).  Count I is barred by the Eleventh Amendment. <u>Will</u>, 491 U.S. at 71; <u>Koala v. Khosla</u>, 931 F.3d 887, 895 (9th Cir. 2019) (<u>Ex Parte Young</u>'s exception to immunity is inapplicable when seeking relief for past violations); <u>see also</u> <u>Browne v. City & Cnty. of Honolulu</u>, Civ. No. 19-00460 DKW-KJM, 2019 WL 5088737, *2 (D. Haw. Oct. 10, 2019) (Hawaii courts have not recognized a claim for damages with respect to alleged State constitutional violations).  Further amendment as to Count I would be futile.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Count I for Declaratory Relief against Defendant State of Hawaii Department of Public Safety, Corrections Division - Institutions Division for Hawaii Community Correctional Center and Defendant ACO Lorenzo, in his official capacity, is **DISMISSED WITH PREJUDICE.**

**COUNT II: Excessive Force In Violation Of The Fourth Amendment To The United States Constitution Against Defendant ACO Lorenzo Individually**

Count II is stated pursuant to 42 U.S.C. § 1983 against Defendant ACO Lorenzo, individually, and remains for trial.

Defendant State of Hawaii Department of Public Safety is immune from liability for Count II. <u>Pennhurst</u>, 465 U.S. at 101-03. There can be no claim in Count II against Defendant ACO Lorenzo in his official capacity. <u>Mitchell v. Washington</u>, 818 F.3d 436, 442 (9th Cir. 2016). There is no respondeat superior liability pursuant to 42 U.S.C. § 1983. <u>Vazquez v. Cnty. of Kern</u>, 949 F.3d 1153, 1166 (9th Cir. 2020).

Count II against Defendant ACO Lorenzo, in his official capacity, is **DISMISSED WITH PREJUDICE.**

Count II against Defendant ACO Lorenzo, in his individual capacity only, remains for trial.

**COUNTS III-VI for Assault, Battery, IIED, and Negligence**

Counts III, IV, V, and VI are state law tort claims. The First Amended Complaint does not specify against which Defendant or Defendants the claims are being brought.

To the extent Plaintiff seeks to bring these claims against the Defendant State of Hawaii or any State agency, such claims are barred pursuant to the Eleventh Amendment to the United States Constitution as the State has not waived its immunity in this case for state law tort claims. <u>Rivera v. Haw.</u>, Civ. No.

20-00497 DKW-KJM, 2021 WL 2211097, *2 (D. Haw. June 1, 2021) (Haw. Rev. Stat. § 662-3 is limited to claims brought in Hawaii state court and the State of Hawaii has not waived its sovereign immunity pursuant to the Eleventh Amendment in federal court).

Plaintiff's claims against Defendant ACO Lorenzo in his individual capacity remain for trial subject to Defendant Lorenzo's conditional privilege.  <u>Towse v. State</u>, 647 P.2d 696, 702 (Haw. 1982) (explaining that a non-judicial government official has a qualified or conditional privilege with respect to tortious actions taken in the performance of his public duty).

Counts III, IV, V, and VI against Defendant State of Hawaii Department of Public Safety, Corrections Division - Institutions Division for Hawaii Community Correctional Center and Defendant ACO Lorenzo, in his official capacity, are **DISMISSED WITH PREJUDICE.**

Counts III, IV, V, and VI against Defendant ACO Lorenzo, in his individual capacity only, remain for trial.

<u>**CONCLUSION**</u>

Defendants State of Hawaii Department of Public Safety, Corrections Division - Institutions Division for Hawaii Community Corrections Center and Zethus Lorenzo, in his official capacity's Motion to Dismiss (ECF No. 29) is **GRANTED.**

Count I is **DISMISSED WITH PREJUDICE.**

Counts II-VI against Defendant ACO Lorenzo in his official

capacity are **DISMISSED WITH PREJUDICE.**

Counts II-VI against Defendant ACO Lorenzo, in his individual capacity only, remain.

The only Defendant remaining is Defendant ACO Lorenzo in his individual capacity.

IT IS SO ORDERED.

DATED: November 29, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Jordan Branstetter v. State of Hawaii Adult Correctional Officer Zethus Lorenzo, in his official capacity and individually; State of Hawaii Department of Public Safety, Corrections Division - Institution Division for Hawaii Community Correctional Center; Doe Defendants 1-10, Civ. No. 20-00573 HG-WRP; **ORDER GRANTING DEFENDANTS STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY, CORRECTIONS DIVISION - INSTITUTIONS DIVISION FOR HAWAII COMMUNITY CORRECTIONAL CENTER AND ZETHUS LORENZO IN HIS OFFICIAL CAPACITY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 29)**