IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JORDAN BRANSTETTER, | ) CIVIL NO. 20-00573 HG-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) WITHOUT PREJUDICE |
| | ) PLAINTIFF'S FIRST MOTION FOR |
| ZETHUS LORENZO, | ) DEFAULT JUDGMENT AS TO |
| | ) DEFENDANT LORENZO IN HIS |
| Defendant. | ) INDIVIDUAL CAPACITY |
| | ) |

FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE
PLAINTIFF'S FIRST MOTION FOR DEFAULT JUDGMENT AS TO
DFENDANT LORENZO IN HIS INDIVIDUAL CAPACITY

Before the Court is Plaintiff Jordan Branstetter's First Motion for Default Judgment as to Defendant Zethus Lorenzo in his individual capacity (Motion). See ECF No. 48. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See ECF No. 49. The Court FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections

## BACKGROUND

According to the First Amended Complaint, Plaintiff alleges that while he was incarcerated at the Hawaii Community Correctional Center (HCCC), an Adult Correctional Officer, Defendant Zethus Lorenzo, physically assaulted him by punching him in the back of the head with a closed fist approximately twenty times. See ECF No. 20 ¶¶ 8, 15-16. Plaintiff claims he curled up in a ball as a defensive measure, and that Defendant Lorenzo then kneed him in the back and ribs and choked him. See id. ¶¶ 16-18. Plaintiff alleges that Defendant Lorenzo reported that Plaintiff fell out of a taxi upon his return to HCCC from his work furlough program and sustained his visible injuries as a result of a fall. See id. ¶¶ 13-14, 27-29. Plaintiff claims he was eventually transported to Hilo Medical Center where he was diagnosed with a severe concussion, two broken ribs, and multiple contusions. See id. ¶¶ 32-33.

Based on these allegations, Plaintiff brought claims for: Declaratory Relief against the State of Hawaii Department of Public Safety (Count I); Excessive Force against Defendant Lorenzo individually (Count II); Assault (Count III); Battery (Count IV); Intentional Infliction of Emotional Distress (Count V); and Negligence (Count VI). See id. ¶¶ 35-75.

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

On November 29, 2021, the District Court granted Defendants State of Hawaii Department of Public Safety, Corrections Division - Institutions Division for Hawaii Community Corrections Center and Zethus Lorenzo in his official capacity's Motion to Dismiss, dismissing Count I with prejudice and Counts II-VI against Defendant Lorenzo in his official capacity with prejudice. See ECF No. 37. Thus, all that remained were Counts II-VI against Defendant Lorenzo in his individual capacity. See id.

On January 9, 2022, Plaintiff filed a First Motion for Default Judgment as to Defendant Lorenzo in his individual capacity. See ECF No. 40. At that time, Plaintiff had not yet requested that the Clerk enter default against Defendant Lorenzo, and so default had not yet been entered as to Defendant Lorenzo pursuant to Rule 55(a). See Fed. R. Civ. P. 55(a).

On January 11, 2022, this Court held a status conference and addressed the appropriate procedure for seeking entry of default under Rule 55(a) and then moving for default judgment under Rule 55(b). See ECF No. 42; see also Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting the "two-step process of 'Entering a Default' and 'Entering a Default Judgment' "); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."). The Court also addressed the need for appropriate support of factual contentions submitted in support of any motion—given that Plaintiff's prior motion contained certain assertions regarding

attempts to serve Defendant Lorenzo and attached supporting photographs, but did not contain a detailed declaration from the process server who made these attempts or took these photographs.  See ECF No. 42; see also ECF Nos. 40-1, 40-3, 40-4, 40-5.  Based on the discussion held at the status conference, Plaintiff's counsel represented an intent to withdraw the prior motion for default judgment, which was formally withdrawn on January 11, 2022.  See ECF Nos. 41, 42.

On January 31, 2022, Plaintiff requested that the Clerk enter default against Defendant Lorenzo, and default was entered against Defendant Lorenzo pursuant to Rule 55(a) on February 1, 2022.  See ECF Nos. 43, 47.  Plaintiff filed the present Motion on February 12, 2022.  See ECF No. 48.

## DISCUSSION

The granting or denial of a motion for default judgment is within the discretion of the court.  See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant Lorenzo.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later

be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rules of Civil Procedure Rule 4." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation omitted).

Based on the present record, the Court FINDS that Plaintiff has not demonstrated proper service on Defendant Lorenzo and therefore RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE. In his Motion, Plaintiff contends he served Defendant Lorenzo "pursuant to the Federal Rules of Civil Procedure Rule 4(c)(1)(2)." ECF No. 48 at 2; see also ECF No. 48 at 3. But subsections (1) and (2) of Rule 4(c) address only the requirements that (1) a summons be served with the copy of the complaint within the time allowed by Rule 4(m), and (2) that a non-party who is at least 18 years old serve the summons and complaint. See Fed. R. Civ. Proc. 4(c)(1), (c)(2). Nowhere in Plaintiff's Motion does he argue, or even indicate, under which provision of Rule 4(e) service was effected here to confer jurisdiction over Defendant Lorenzo. See Fed. R. Civ. P. 4(e) (detailing manners of approved service on an individual within a judicial district of the United States).

While Plaintiff has attached a declaration from the process server detailing attempts to serve Defendant Lorenzo either personally or by leaving a

copy of the summons and complaint at Defendant Lorenzo's dwelling or usual place of abode, that declaration ultimately indicates that the complaint and summons were left on a parked vehicle. See ECF No. 48-2 at 23-33. This may be sufficient. See, e.g., Travelers Cas. & Sur. Co. of Am., 551 F.3d at 1136 ("Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service.").

However, Plaintiff has failed to offer any argument or supporting authority as to why the attempts at service and ultimate result of leaving papers on a parked vehicle amount to substantial compliance with Rule 4(e)(2) here. Compare Travelers Cas. & Sur. Co. of Am., 551 F.3d at 1134-36 (holding service was proper where, after four prior attempts, the process server saw the defendant watching him from a window and left the documents on the doorstep after loudly stating that the defendant had been served) (citing Errion v. Connell, 236 F.2d 447, 457 (9th Cir. 1956) where sheriff tossed papers through hole in screen door at defendant's home after speaking to defendant)); with Am. Guarantee & Liab. Ins. Co. v. Irvine Auto Towing Inc., 2021 WL 4459668, at *3 (N.D. Cal. Mar. 26, 2021) (holding service sufficient where, after *20 prior attempts*, process server attested that he saw a car he knew to be registered to defendant drive towards a tow

lot, identified the driver as the defendant based on a picture he had, yelled at the defendant that he had court paperwork for him, yelled at the defendant again after he exited his car that he was serving him, dropped the paperwork inside the gate of the tow lot, and saw defendant walk into a building); and V5 Techs. v. Switch, Ltd., 2019 WL 7489860, at *3-5 (D. Nev. Dec. 20, 2019) (finding service under Rule 45 sufficient where, after *eleven attempts* at service, server placed documents under windshield on moving vehicle registered to defendant and backing out of defendant's residence and announced he was serving process).  It is not the Court's burden to make these arguments on Plaintiff's behalf.

Because Plaintiff has failed to offer any facts, argument or authority in support of the manner of service utilized here—let alone cite the appropriate provision for serving individuals under Rule 4, the Court recommends that Plaintiff's Motion be denied without prejudice to Plaintiff either (i) effecting service in a manner that complies with Rule 4(e), or (ii) renewing the request for default judgment based on the manner of service thus far, with citation to appropriate authority demonstrating why it is sufficient for the Court to exercise jurisdiction over Defendant Lorenzo and enter default judgment against him.

### B. Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate.  The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;
(2) the merits of plaintiff's substantive claim;
(3) the sufficiency of the complaint;
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect; and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

See Eitel, 782 F.2d at 1471-72 (the Eitel factors).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

In addition to the jurisdictional issue noted above, the Court also RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE because Plaintiff has failed to cite the Eitel factors nor offer any argument as to why those factors justify default judgment against Defendant Lorenzo here. See Osgood v. Main Streat Mktg., LLC, 2017 WL 7362743, at *2 (S.D. Cal. Sept. 27, 2017) (finding it appropriate to deny motion for default judgment that mentioned, but failed to address the Eitel factors) (citing Tom Ver LLC v. Organic Alliance, Inc., 2015 WL 6957483, at *2 (N.D. Cal. Nov. 11, 2015) (noting previous denial of motion for default judgment because plaintiff failed to cite a single case and did

8

not address the Eitel factors) and Hill v. First Integral Recovery, LLC, 2009 WL 2781990, at *1 (D. Az, Aug. 31, 2009) (denying motion for default judgment without prejudice because plaintiff failed to address the Eitel factors)).

Based on this, the Court recommends that Plaintiff's Motion be denied without prejudice to Plaintiff filing a renewed motion for default judgment that discusses the Eitel factors and provides support, with citation to authority as necessary, for why those factors weigh in favor of granting default judgment against Defendant Lorenzo here.

### C. Remedies

Finally, although a defendant's default establishes liability, it does not establish all relief to which a plaintiff is entitled. Plaintiff must provide evidence to support its requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). As noted above, the rule that the factual allegations of the complaint are taken as true does not apply to the amount of damages. See TeleVideo Sys, Inc., 826 F.2d at 917-18; see also Lakatani v. Waypoint L. Grp., 2011 WL 6370863, at *6 (D. Haw. Dec. 5, 2011), report and recommendation adopted, 2011 WL 6370902 (D. Haw. Dec. 20, 2011) ("[E]ven a defaulting party is entitled to have its opponent produce some evidence to support an award of damages.") (citation omitted).

"To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit." Concord

9

Transportation, Inc. v. Houser Logistics, Inc., 2020 WL 2046169, at *5 (C.D. Cal. Jan. 3, 2020) (citation omitted). "Courts apply the preponderance of the evidence standard to a plaintiff's damages case on default judgment." Id.

Rule 55 provides that the court may conduct a hearing to effectuate judgment when it needs to determine the amount of damages. See Fed. R. Civ. P. 55(b)(2). However, if damages are capable of being determined from figures in documentary evidence or detailed affidavits, default judgment may be entered without a hearing. See United States v. Yermian, 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016) ("Rule 55 does not require the court to conduct a hearing on damages, so long as it ensures there is an adequate basis for the damages awarded in the default judgment.").

Here, Plaintiff has not provided sufficient proof of the $564,500 in requested damages.[1] In support of the request for damages, Plaintiff's Motion includes only a declaration from Plaintiff's counsel. See ECF No. 48-1. However, that declaration does not show how counsel has personal knowledge of, or is competent to testify to the cost of, e.g., future psychological medical treatment, or an appropriate amount of damages for Plaintiff's past or future pain and suffering. See id.; see also Local Rule 7.5 ("Factual contentions made in support of or in

---

[1] Plaintiff requests damages as follows: $14,500.00 in economic damages; $50,000.00 for hedonic damages; $150,000 for past pain and suffering; and $350,000 for future pain and suffering. See ECF No. 48-1 at 2-5.

opposition to any motion shall be supported by affidavits or declarations, when appropriate under the applicable rules. Affidavits and declarations shall contain only facts, shall conform to the requirements of Fed. R. Civ. P. 56(c)(4) and 28 U.S.C. § 1746, and shall avoid conclusions and argument."); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); Conecciones Agricolas S. De R.L. De C.V. v. Organic All., Inc., 2014 WL 1954269, at *3 (S.D. Cal. May 14, 2014) (concluding declaration from plaintiff's counsel and additional table were not sufficient to prove damages by preponderance of evidence on motion for default judgment). Nor has Plaintiff even cited to damage awards in analogous cases to justify the damages requested here.

Similarly, Plaintiff has requested $65,982.98 in attorney's fees, but fails to include sufficient documentary evidence in support of that request. See ECF No. 48-1 at 5. For example, counsel has failed to set forth a description of the work performed, the time spent on each such task, and the hourly rate that is being requested for this work. Without such information, the Court is unable to determine whether Plaintiff's request for fees is reasonable.[2]

---

[2] Counsel is directed to Local Rule 54.2(f) for guidance on appropriate documentary support for a request for attorney's fees.

For the additional reason that there is an insufficient evidentiary basis to resolve Plaintiff's request for damages and attorney's fees, the Court RECOMMENDS that Plaintiff's request for default judgment against Defendant Lorenzo in the amount of $564,500 in damages and $65,982.98 in attorney's fees be DENIED WITHOUT PREJUDICE to Plaintiff including additional explanation and submitting additional evidence to support any calculation of damages and attorney's fees in a renewed motion for default judgment.

## CONCLUSION

For the reasons stated above, the Court FINDS and RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE.

The Court FURTHER RECOMMENDS that Plaintiff be granted leave to submit a renewed motion for default judgment curing the deficiencies identified above by no later than thirty days from the District Court's adoption of this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 14, 2022.



Wes Reber Porter
United States Magistrate Judge

**BRANSTETTER v. LORENZO; CIVIL NO. 20-00573 HG-WRP; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S FIRST MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT LORENZO IN HIS INDIVIDUAL CAPACITY**